UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

THOMAS WOOTEN                                                                                                    PLAINTIFF

v.                                              No. 5:21-CV-05076

CITY OF FAYETTEVILLE, ARKANSAS and
JOHN DOES 1-3                                                                                                   DEFENDANTS

**OPINION AND ORDER**

Before the Court is Defendant City of Fayetteville, Arkansas's motion for summary judgment (Doc. 15), brief in support (Doc. 16), and statement of facts (Doc. 17). Plaintiff Thomas Wooten, proceeding pro se, filed a response to the statement of facts (Doc. 21).[1] Plaintiff also filed a motion (Doc. 22) to set aside Defendant's motion for summary judgment, which the Court will construe as a response to the motion for summary judgment. For the following reasons, the motion for summary judgment will be GRANTED.[2]

**I.    Background**

On the night of April 24, 2018, Plaintiff was driving home when he was stopped by a Fayetteville police officer for driving with inoperable taillights. While conducting the traffic stop, the officer alleges to have smelt alcohol coming from Plaintiff's vehicle. When questioned, Plaintiff denied consuming alcohol but informed the officer that he had taken the prescription medicines Gabapentin, Baclofen, and Hydrocodone, all of which are prescribed to Plaintiff.

---

[1] Though this document was filed as a response in opposition to Defendant's motion (Doc. 15) for summary judgment, the header of the document entitles it a "corrected statement of facts." (Doc. 21, p. 1). The Court therefore construes the document as response to the statement of facts.
[2] Though Defendant also filed a reply, because this reply was not timely filed, the Court did not take Defendant's reply into consideration. Additionally, on June 24, 2022, Plaintiff filed a document labeled as a response to Defendant's motion to dismiss (Doc. 24). Plaintiff's deadline to respond to Defendant's motion was June 6, 2022. Therefore, the Court did not consider Document 24.

Plaintiff was instructed to exit the vehicle and perform three standardized field sobriety tests: the Horizontal Gaze Nystagmus test, the Walk and Turn Test, and the One Leg Stand Test. Plaintiff failed these tests, though Plaintiff alleges he failed the Walk and Turn Test and One Leg Stand Test because he was not permitted to use his cane. Plaintiff was also instructed to blow into a portable breathalyzer, which registered a blood alcohol content of 0.009%. Plaintiff also had in his possession two halves of one, 10 mg tablet of hydrocodone/acetaminophen. Based on these facts, Plaintiff was arrested for driving while intoxicated (drugs) and possession of a schedule II-controlled substance and was taken to the Washington County Detention Center.

While at the detention center, Plaintiff was administered a second breathalyzer test, which registered a blood alcohol content of 0.00%. During his transport and detention, Plaintiff began complaining of chest pain. Plaintiff was examined by medical staff at the detention center and an ambulance was called. Plaintiff was taken to the hospital and underwent heart surgery to address the angina. While at the hospital, Plaintiff also requested a blood draw test. Prior to this test Plaintiff began to experience back spasms and requested medication but was informed that he could not receive any medication until after the blood draw test had been completed. Plaintiff was later administered medication for the spasms.

At Plaintiff's subsequent criminal trial, Plaintiff contested the charges against him and was found not guilty. Plaintiff then filed suit against the City of Fayetteville, Arkansas and John Does 1-3 alleging violation of 42 U.S.C. § 1983, illegal seizure, false imprisonment, violation of the Eighth Amendment to the United States Constitution, malicious prosecution, and the tort of outrage.

**II.    Summary Judgment Standard**

On a motion for summary judgment, the burden is on the moving party to show that there

is no genuine dispute of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Once the movant has met its burden, the nonmovant must present specific facts showing a genuine dispute of material fact exists for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In order for there to be a genuine dispute of material fact, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ." *Anderson*, 477 U.S. at 255. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–159 (1970)).

### III. Analysis

#### A. Claims against the City of Fayetteville, Arkansas

##### 1. Constitutional Claims

"Under Section 1983, a municipality can be held liable for the unconstitutional acts of its employees if a municipal policy or custom was the moving force behind the constitutional violation." *Morris v. Crawford Cnty.*, 173 F. Supp. 2d 870, 875 (W.D. Ark. 2001) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "[I]t is well established 'that a municipality cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor.'" *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1214 (8th Cir. 2013) (quoting *Szabla v. City of Brooklyn Park*, 486 F.3d 385, 389 (8th Cir. 2007)). A municipality will only be liable for a constitutional violation "if the violation resulted from (1) an official municipal policy; (2) an unofficial custom; or (3) a deliberately indifferent failure to train or supervise." *Id.* (internal

citations and quotations omitted).

Plaintiff has presented no evidence whereby the Court could conclude any policy, custom, or failure to train the officers and prosecutors involved in Plaintiff's arrest and trial led to any constitutional violation in this case. Plaintiff's contention appears to be that the officers who arrested him and accompanied him to the hospital should be liable because there was not probable cause to arrest Plaintiff, and Plaintiff should have been provided medical care and his prescription medications upon the first complaint of chest pain or back spasms. However, even should the Court presume constitutional liability stems from these actions, the officers have not been named in the complaint, and there is no evidence that the officers took unconstitutional actions because of a policy, custom, or training provided by the City of Fayetteville. Therefore, Plaintiff's claims against the City of Fayetteville, Arkansas for illegal seizure, false imprisonment, malicious prosecution, and violation of § 1983 and the Eighth Amendment are dismissed.

### 2. State Law Claims

Arkansas law provides causes of action for false imprisonment, malicious prosecution, and the tort of outrage. Though it is unclear whether Plaintiff intends to make state law tort claims or constitutional claims regarding the allegations of false imprisonment and malicious prosecution, because pro se filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the Court will address the claims as if pled under both the United States Constitution and Arkansas state law.

#### i.     False Imprisonment

"False imprisonment is the unlawful violation of the personal liberty of another consisting of detention without sufficient legal authority." *Trammell v. Wright*, 489 S.W.3d 636, 638 (Ark. 2016). "[P]robable cause is a defense to a civil action for false arrest or false imprisonment in

connection with a misdemeanor." *Mendenhall v. Skaggs Cos., Inc.*, 685 S.W.2d 805, 806 (Ark. 1985). "Probable cause exists where there is a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious person to believe that a crime has been committed by the person suspected." *Romes v. State*, 144 S.W.3d 750, 762 (Ark. 2004) (citations omitted).

Here, officers smelt intoxicants in Plaintiff's car, Plaintiff admitted to taking prescription drugs that day, Plaintiff failed three field sobriety tests and blew a 0.009 on a portable breathalyzer, and Plaintiff possessed hydrocodone. Therefore, there was probable cause to arrest Plaintiff for driving while under the influence and possession of controlled substances, and Plaintiff's claim for false imprisonment must be dismissed.

### ii.     Malicious Prosecution

Plaintiff alleges Defendant is liable for malicious prosecution because the prosecutor in Plaintiff's criminal case "repeated perjurious testimony of the officers." (Doc. 21, p. 6, ¶ 37). "However, when probable cause exists and there is no strong evidence of malice, a charge of malicious prosecution cannot succeed." *Sundeen v. Kroger*, 133 S.W.3d 393, 398 (Ark. 2003). "Malice has been defined as 'any improper or sinister motive for instituting the suit.'" *Id.* (quoting *Cordes v. Outdoor Living Ctr.*, 301 Ark. at 32, 781 S.W.2d 31, 33 (Ark. 1989). As detailed above, there existed probable cause to believe Plaintiff had committed the crimes of driving under the influence and possession of a controlled substance. Additionally, facts have not been provided to the Court by which strong evidence of malice could be inferred. Therefore, Plaintiff's claim for malicious prosecution is dismissed.

### iii.     Outrage

Finally, Plaintiff contends Defendant committed the tort of outrage in light of the events

surrounding his arrest and detention. Arkansas courts give "a narrow view to the tort of outrage, and require[] clear-cut proof to establish the elements in outrage cases." *Id.* (citing *Croom v. Younts*, 913 S.W.2d 283 (Ark. 1996)). The plaintiff must demonstrate that the defendant's "conduct was 'extreme and outrageous,' was 'beyond all possible bounds of decency,'" . . . was 'utterly intolerable in a civilized community'" and caused emotional distress that "was so severe that no reasonable person could be expected to endure it." *Crockett v. Essex*, 19 S.W.3d 585, 589 (Ark. 2000) (quoting *Angle v. Alexander*, S.W.2d 933, 936 (Ark. 1997)). "The recognition of the tort of outrage does not open the doors of the courts to every slight insult or indignity one must endure in life." *Sterling Drug, Inc. v. Oxford*, 743 S.W.2d 380, 383 (Ark. 1988).

Because there existed probable cause to arrest and prosecute Plaintiff, no actions attributable to Defendant can be deemed to have exceeded all possible bounds of decency, nor could arrest and prosecution supported by probable cause be considered utterly intolerable in a civilized society. *See Hamaker v. Ivy*, 51 F.3d 108, 111 (8th Cir. 1995) (holding that when county officials arranged to have a false arrest warrant served on the plaintiff, these actions were "a rather nasty, but not terribly unusual or shocking, practical joke that cannot be described by any reasonable person as going 'beyond all bounds of decency'"). Therefore, Plaintiff's claim for the tort of outrage is dismissed.

      **B.**      **Claims Against the John Doe Defendants**

The complaint (Doc. 2) names three John Doe defendants. None of these defendants have been served, and the deadline to serve them has not been extended. Though Plaintiff in his response attempts to name the John Doe defendants by including the names of the arresting officers in the header of his response, *see* Doc. 21, p. 1, ¶ 1, because the officers were not named in the complaint, no amended complaint was filed, and these officers were never served with process,

the officers are not parties to this lawsuit. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."); *see also* Fed. R. Civ P. 4 & 5. Therefore, dismissal of the John Doe defendants from this action is appropriate.

**IV.   Conclusion**

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 15) for summary judgment is GRANTED. All claims against Defendant City of Fayetteville, Arkansas are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that all claims against Defendants John Does 1-3 are DISMISSED WITH PREJUDICE. Judgment will be entered separately.

IT IS SO ORDERED this 28th day of June, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE